UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 16-cv-21436-DPG

DANILO GERONIMO MEJIA LUQUE and
all others similarly situated under 29 U.S.C.
216(b),

       Plaintiff,

vs.

U.S. PARKING, INC., and JOSEPH
PADOVANO.

       Defendant (s).
_____/

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S AMENDED COMPLAINT**

**COMES NOW**, Defendants, U.S. PARKING, INC., a Florida Corporation, and JOSEPH PADOVANO (hereinafter collectively the "Defendants" or "US Parking"), by and through undersigned counsel, hereby files this Answer and Affirmative Defenses against Plaintiff, DANILO GERONIMO MEJIA LUQUE, and all other similarly situated under 29 U.S.C. 216(b), and states as follows:

    1.    Without acknowledging the existence of the remedies sought or Plaintiff's entitlement to relief, admit that this is an action is brought under the Fair Labor Standards Act 29 U.S.C. §§ 201-216 ("FLSA"). Deny this federal court has subject matter jurisdiction under the Fair Labor Standards Act ("FLSA") in this action and demands strict proof.

    2.    Without knowledge and therefore denied.

    3.    Objection. Compound allegations. Admit Defendant is a corporation that regularly transacts business within Dade County. Deny Defendant was Plaintiff's joint FLSA

Case 1:16-cv-21436-DPG   Document 11   Entered on FLSD Docket 05/26/2016   Page 2 of 6

US Parking, et al. Answer and Affirmative Defense
Case No.: 16-CV-21436
Page 2 of 6

employer and demands strict proof thereof.

4. Objection. Compound allegations. Admit Defendant, JOSEPH PADOVANO, is a corporate officer and/or owner and/or manager of the Defendant. Deny Defendant, JOSEPH PADOVANO, runs the day-to-day operation of Defendant or employer as defined by 29 U.S.C. § 203 (d) and demands strict proof thereof.

5. Without acknowledging the existence of the remedies sought or Plaintiff's entitlement to relief, admit Plaintiff's Complaint arises from a purported dispute that took place in Dade County.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. Objection. Compound allegations. Deny Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wage.

7. Without acknowledging the existence of the remedies sought or Plaintiff's entitlement to relief, admit that this is an action is brought under the FLSA.

8. 29 U.S.C. § 207 and all applicable law speaks for itself. Plaintiff's legal allegations contained in ¶ 8 are denied.

9. Deny and demands strict proof thereof.

10. Deny and demands strict proof thereof.

11. Deny and demands strict proof thereof.

12. Admit.

13. Deny and demands strict proof thereof.

14. Deny and demands strict proof thereof.

15. Deny and demands strict proof thereof.

Case 1:16-cv-21436-DPG   Document 11   Entered on FLSD Docket 05/26/2016   Page 3 of 6

US Parking, et al. Answer and Affirmative Defense
Case No.: 16-CV-21436
Page 3 of 6

16. Deny and demands strict proof thereof.

## COUNT II. FEDERAL MINIMUM WAGE VIOLATION

17. 29 U.S.C. § 206, Federal minimum wage increases and all applicable case law speak for themselves. Plaintiff's legal allegations contained in ¶ 17 are denied.

18. Deny and demands strict proof thereof.

19. Deny and demands strict proof thereof.

20. Deny and demands strict proof thereof.

21. Deny and demands strict proof thereof.

## COUNT III. FLORIDA MINIMUM WAGE VIOLATION

22. Florida Statute § 448.110 and all applicable law speaks for itself. Plaintiff's legal allegations contained in ¶ 22 are denied.

23. Florida Statute § 448.110 and all applicable law speaks for itself. Plaintiff's legal allegations contained in ¶ 23 are denied.

24. Deny and demands strict proof thereof.

25. Florida minimum wage increases and all applicable law speaks for itself. Plaintiff's legal allegations contained in ¶ 25 are denied.

26. Deny and demands strict proof thereof.

27. Deny and demands strict proof thereof.

28. Deny and demands strict proof thereof.

29. Deny and demands strict proof thereof.

30. Deny and demands strict proof thereof.

**WHEREFORE**, Defendants, U.S. PARKING, INC., and JOSEPH PADOVANO, respectfully request that this Honorable Court admit the foregoing Answer on the record, and

Case 1:16-cv-21436-DPG   Document 11   Entered on FLSD Docket 05/26/2016   Page 4 of 6

US Parking, et al. Answer and Affirmative Defense
Case No.: 16-CV-21436
Page 4 of 6

dismiss Plaintiff, DANILO GERONIMO MEJIA LUQUE, and all other similarly situated, Complaint, with prejudice, in addition to treating the following Affirmative Defenses as if they have been raised in the Answer.

## **AFFIRMATIVE DEFENSES**

As for their Affirmative Defenses, Defendants assert the following against Plaintiff's Complaint:

31.     For its Affirmative Defense, Defendants affirmatively state Plaintiff's claims are barred to the extent that the Defendants did not know, and should not have reasonably known, of Plaintiff's claim.

32.     For its Affirmative Defense, Defendants affirmatively state Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff did not work for Defendant an average of fifty-six (56) hours per week.

33.     For its Affirmative Defense, Defendants affirmatively state Plaintiff is barred from recovery to the extent that the Court is without subject matter jurisdiction over this action.

34.     For its Affirmative Defense, Defendants affirmatively state Plaintiff's claims are barred, in whole or in part, to the extent that US Parking's valet parking services are not an enterprise engaged in commerce or in production of goods for commerce.

35.     As and for an affirmative defense, Defendants assert Plaintiffs' claim for liquidated damages is barred, in whole or in part, because any such alleged failure by Defendants to pay overtime was in good faith. See 29 U.S.C. § 260.  Defendant always acted in good faith and paid all monies due and/or believed to be due.  Defendants had reasonable grounds for believing that it was in full compliance with federal and state law.  Thus, the Defendants should not be subjected to the imposition of penalties and liquidated damages.

Case 1:16-cv-21436-DPG   Document 11   Entered on FLSD Docket 05/26/2016   Page 5 of 6

US Parking, et al. Answer and Affirmative Defense
Case No.: 16-CV-21436
Page 5 of 6

36. For its Affirmative Defense, Defendants affirmatively state that Mr. Padovano does not meet legal requirements in order to be held individually liable, does not run the day-to-day operations, and therefore, Mr. Padovano is not liable in this action. Further, Mr. Padovano's liability is only derivative to that of US Parking (to the extent that the entity is found to be liable), and thus, to the extent that US Parking is not liable, Mr. Padovano cannot be held liable.

37. For its Affirmative Defense, Defendants affirmatively state Plaintiff's claim raised in the complaint is waived due to Plaintiff's representations and actions, and accordingly Plaintiff's claims are barred.

38. For its Affirmative Defense, Defendants affirmatively state Plaintiff's claim raised in the Complaint are estopped due to Plaintiff's representations which Defendants' reasonable relied on, and accordingly Plaintiff's claim are barred.

39. For its Affirmative Defense, Defendants affirmatively state that Plaintiff's claims are barred to the extent that he failed to state a claim upon which relief can be granted. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007).

40. For its Affirmative Defense, Defendants affirmatively state Plaintiff is barred from recovery to the extent that he disavows his lawsuit in whole or in part and/or his lawsuit is frivolous.

41. Defendants demand trial by jury on all issues triable as of matter right by jury.

42. Defendants have retained the undersigned law firms and have agreed to pay a reasonable fee for their services. Defendants are entitled to recover the reasonable attorneys' fees and costs it has incurred in defending this action.

43. Defendant reserves the right to raise any additional affirmative defenses in the event discovery or further proceedings indicate such defenses would be appropriate.

Case 1:16-cv-21436-DPG   Document 11   Entered on FLSD Docket 05/26/2016   Page 6 of 6

US Parking, et al. Answer and Affirmative Defense
Case No.: 16-CV-21436
Page 6 of 6

### CERTIFICATE OF SERVICE

**WE CERTIFY** that on May 26, 2016, a true and correct copy of the foregoing was filed with this Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, via transmission of Notice of Electronic Filing generated by CM/ECF.

Respectfully submitted,

LAW OFFICE OF GONZALEZ ZEPEDA
PARK PLACE OF KENDALL
13386 SW 128TH STREET
MIAMI, FLORIDA 33186
TELEPHONE: (305) 251-5878
FAX: (305)251-5879
Email: service@gzattorneys.com

By: /s/ __**PABLO GONZALEZ ZEPEDA**__
    PABLO GONZALEZ ZEPEDA
    FLORIDA BAR NO.: 58692

### SERVICE LIST

Danilo Geronimo Mejia Luque v. U.S. PARKING, INC.,
Case No.: 16-cv-21436-DPG
United States District Court, Southern District of Florida

*Via U.S. Mail & E-Service*
Jamie Harrison Zidell, Esq.
J.H. Zidell, P.A.
Attorney for Plaintiff
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: (305) 865-6766
Fax: (305) 865- 7167
Email: zabogado@aol.com